IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL GREEN,
    Plaintiff,

vs.                                      3:03cv549/MCR/MD

U.S. DEPT. OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon the defendant's special report (doc. 14) filed on July 7, 2004.  The pro se plaintiff, Darrell Green, filed a response in opposition to the special report on September 7, 2004 (doc. 18) and additional exhibits (doc. 19).  On September 29, 2004, this court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, and informing the parties that the special report would be construed as a motion for summary judgment as of October 29, 2004 (doc. 20).  No further submissions were filed by either party.  Upon review of the submissions of the parties, it is the opinion of the undersigned that the defendant's motion for summary judgment should be granted.

**Background and Analysis**

In his amended complaint (doc. 5) (henceforth "complaint"),[1] plaintiff Green alleges that on September 13, 1996, during the execution of a search warrant at 1723½ Blackwell Lane, law enforcement seized $19,720.00 in cash belonging to him. Plaintiff indicates that he told DEA Agent Gravat at the time that the money was his and requested that it be returned to him.  Green states that he later had an attorney call to inquire about the money.  On October 15, 1996, the DEA sent a written notice of seizure by certified mail to plaintiff at the Blackwell Lane address from where the money had been seized.  (See Doc. 14, exh. 5, exh. 1).  The notice was returned by the postal service as undeliverable.  (See Doc. 14, exh. 5, exh. 2).  In the interim, as a result of the investigation that led to the search, plaintiff Green was indicted on drug related charges on December 17, 1996.  He was found guilty after a jury trial on March 10, 1997.  One month later, on April 10, 1997, the DEA declared plaintiff's property forfeited.  It rescinded this declaration of forfeiture on May 19, 1997.  The plaintiff states that the DEA then sent a second notice of seizure by certified mail, return receipt requested, to him at the Blackwell Lane address (see doc. 14, exh. 5, exh. 11), and on July 24, 1997 declared his property forfeited for the second time. Plaintiff alleges that the DEA never published notice in a newspaper regarding the proposed forfeiture.

Plaintiff filed a "motion to order government to release unconstitutionally seized $16,540.00 in U.S. currency pursuant to Rule 41(e)" on September 19, 2001 in his criminal case.  (Case 3:96cr74/RV, doc. 426).  In the motion, he claimed that the money was seized without notice and a hearing, in violation of due process.  The district court granted the motion on February 21, 2002 (doc. 430), but later vacated its order and denied the motion based on the government's response filed after that date. (Doc. 431, 432, 433, & 434).  Plaintiff states that he reviewed the government's

---

[1]The allegations in this complaint were sworn under penalty of perjury on January 16, 2004.  The original complaint was filed on November 25, 2003.

response and discovered that it had not followed mandated procedures for accomplishing forfeiture, among other things, because the DEA sent the notices of forfeiture to an address it knew to be incorrect.  Therefore, on June 1, 2002, he filed a tort claim with the DEA requesting return of his property, which, as of the date of filing his complaint, had not been answered.

Plaintiff now seeks the return of the $19,720.00[2] plus interest from the date of the seizure until the date the property is returned.

The government claimed in its special report that this issue was resolved adversely to the instant plaintiff in his criminal case under the guise of a Rule 41(e) motion for release of property, which he did not appeal, and therefore may not be re-litigated herein.  In opposing the Rule 41(e) motion in Green's criminal case, the government had argued that Green was present at the time of the seizure and had been advised that the property would be processed for forfeiture, but in spite of this he failed to file an administrative claim or cost bond with regard to the currency.  However, the government also noted in the same memo that Green could seek money damages through a lawsuit under 28 U.S.C. § 1346(a)(2) against the United States if appropriate forfeiture procedures were not followed, and that the "dismissal of the Rule 41(e) motion, in itself, does not adjudicate the lawfulness of the forfeiture." (Doc. 14, exh. 5 at 7).  This is tantamount to an admission that the Rule 41(e) ruling was not dispositive of the instant claim.

The government was directed to file a supplemental response addressing the court's jurisdiction over Green's claim, as well as the merits of plaintiff's challenge to the lawfulness of the administrative forfeiture.  In its supplemental special report, the government acknowledged that the court has jurisdiction over plaintiff's claim pursuant to 18 U.S.C. § 983(e).  (Doc. 23).

---

[2]In the initial complaint he sought return of $16,540.00, which was the amount he sought in the Rule 41(e) motion.  The government indicates that the total sum of $19,720.00 consists of $16,540.00 in drug proceeds in possession of the defendant and $3,300.00 of "buy money." (Doc,. 14 at 2).  These numbers do not "add up."  Because the amount ultimately forfeited was only $16,420.00, and this amount plus the $3,300.00 buy money equals the $19,720.00, the court assumes reference to $16,540.00 was in error.

Title 18 U.S.C. § 983(e) provides the exclusive jurisdictional basis for challenges to administrative forfeiture. It provides in pertinent part:

> (e) Motion to set aside forfeiture.--
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>     (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; <u>and</u>
>     (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> (2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

Title 18 U.S.C. § 983(e) (emphasis added). Therefore, even if the written and/or publication notice is deemed inadequate, the claimant must also show that he did not know of the seizure within sufficient time to file a timely claim. And, if the claimant succeeds in having the forfeiture set aside, the government may still commence a subsequent forfeiture proceeding. 18 U.S.C. §983(e)(2)(A).

The parties do not dispute that the government knew of Green's interest in the money at issue, or that he has standing to challenge the forfeiture. *See e.g., U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir. 1994) (either ownership or possessory interest creates standing). Less clear is whether it took "reasonable steps" to protect his interest by providing him with notice. The government contends that it "made several attempts to give direct written notice of the seizure by certified mail to both Green and Gillard (sic) at the 1723 ½ Blackwell Lane address." These notices reflect that plaintiff Green was the owner of the subject property and that it had been seized from Zanuel Robert Gallard. (Doc. 14, exh. 5,

exh. 1, 3). The government further maintains that it published notice of the seizure for three consecutive Wednesdays, October 23, 30, and November 6, 1996 in the USA Today newspaper. It does not address the significance, if any, of the fact that the published notice was listed not in Green's name, but in the name of ZANUEL, Robert Gallard, which is a transposition of the name of GALLARD, Zanuel Robert, one of the co-defendants in Green's criminal case.

As noted above, the notice of forfeiture was rescinded because the forfeiture had erroneously included $3,300 in "buy money." Thereafter, the government again sent notice to Green at the Blackwell Lane address, and to Zanuel Robert Gallard, this time at a Miami address. (Doc. 14, exh. 5, exh. 10-13). Notices were published in the USA Today Newspaper, again in the name of Zanuel, Robert Gallard on June 18, June 25, and July 2, 1997. (Doc. 14, exh. 5, exh. 16). Having received no claim against the money, the government declared the $16,420.00 in currency forfeited on July 24, 1997. (Doc. 15, exh. 5, exh. 17). The record does not reflect to whom this declaration was mailed.

The government now argues that because the initial notice regarding the $19,720 was constitutionally sufficient, it had no obligation to provide the plaintiff with subsequent notice of the exclusion of the recovered buy money from the forfeiture, and that the attempts at subsequent notice were sent in error.[3] Finally, the government notes that Green was a fugitive at the time it initially attempted to provide written and published notice of the seizure.[4] (See doc. 19, exh. C).

---

[3]Were this not the case, the second round of attempts at notice would arguably have been constitutionally insufficient. Plaintiff was in custody from December 17, 1996 through the present, Several courts have held that the government violates due process when it purposely mails notice of forfeiture to the claimant's residence knowing that the claimant is incarcerated or in federal custody. *Krecioch v. United States*, 221 F.3d 976, 980-81 (7th Cir. 2000) (citing *Robinson v. Hanrahan*, 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972); *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995); *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1160-61 (2nd Cir.1994)).

[4]The Fugitive Disentitlement Doctrine, codified at 28 U.S.C. § 2466, prevents a fugitive from pursuing a civil forfeiture claim while simultaneously evading justice to avoid criminal sanctions. *Untied States v. $1,231,349.68 in Funds*, 227 F. Supp.2d 130 (D.D.C. 2002); *Collazos v. United States*, 368 F.3d 190 (2nd Cir. 2004). The instant plaintiff has been convicted and is in custody. Therefore, the doctrine does not preclude

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust, Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed.865 (1950); *see also Garcia v. Meza*, 235 F.3d 287, 291 (7th Cir. 2000)(affirming application of *Mullane* standard for due process challenges to administrative forfeiture proceedings); *Dusenbery v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (notice of seizure must be reasonably calculated under all circumstances to apprise potential claimants of the pendency of the forfeiture). "So long as the government 'acted reasonably in selecting means likely to inform persons affected,'" actual notice is not required. *Krecioch v. United States,* 21 F.3d 976, 980 (7th Cir. 2000) (*quoting Weigner v. City of New York*, 852 F.2d 646, 649 (2nd Cir. 1988)). Notice of forfeiture by mail to the claimant's residence is inadequate if the government knew that the claimant would not receive it. *Krecioch*, 21 F.3d at 980 (citing *Small v. United States*, 136 F.3d 1334, 1338 (D.C.Cir. 1998); *United States v. Rodgers*, 108 F.3d 1247, 1252-54 (10th Cir. 1997); *United States v. Woodall*, 12 F.3d 791, 794 (8th Cir. 1993); cf. *Schluga v. City of Milwaukee*, 101 F.3d 60, 63 (7th Cir. 1996)). When the government does not know or reasonably cannot discover the claimant's whereabouts, the government may satisfy due process with mere publication of a forfeiture notice. *Krecioch*, 221 F.3d at 980 (citing *Mullane,* 339 U.S. at 317-19, 70 S.Ct. 652).

In this case, the government sent notice of the forfeiture to Green at the address where the property was seized, not to his home address, which plaintiff contends in his complaint the government knew was 1560 N.W. 81 Tr. Miami, Florida. (Doc. 5, n.2). In addition, the published notice of forfeiture listed only (a variation on the name of) the person from whom the currency was seized, not plaintiff Green as

---

him from pursuing this action. The government appears to argue only that the fact that Green was a fugitive at the time notice was given should be taken into account in determining the reasonableness of its actions.

*Case No: 3:03cv549/MCR/MD*

the putative owner.  Arguably, reasonable minds could differ as to whether the notice provided by the government was adequate.

However, in order to succeed in having a forfeiture set aside, the plaintiff must also show he did not know or have reason to know of the seizure within sufficient time to file a claim.  Because the statute requires an affirmative showing of both the government's failure to provide notice and the moving party's lack of knowledge of the seizure, the plaintiff's claim fails if either prong is not met.  It is here that plaintiff's claim is defeated by his own allegations.

Plaintiff states in the complaint that he arrived at the Blackwell Lane address during the search that resulted in the seizure of the currency at issue herein.  He admits that he informed Agent Gravat at the time that the money belonged to him and requested its return.  He also admits that he had his attorney call in an attempt to secure the return of the money.  Clearly, he knew of the seizure within sufficient time to file a timely claim.  *Johnson v. United States*, 2004 WL 2538649 (S.D. Ind. 2004) (claimant who was present at time of seizure had knowledge); cf. *De la Fuente Flores v. Drug Enforcement Administration*, 2005 WL 351059 (N.D. Ill. 2005) (finding that "knowledge" could not be shown when allegations of complaint were unclear as to when putative owner learned that money had been seized by DEA from third party).  Therefore, plaintiff has failed to show he is entitled to have the forfeiture set aside.

Accordingly,  it is respectfully RECOMMENDED:

That defendant's special report, construed as a motion for summary judgment (doc. 14) be GRANTED, and that the clerk be directed to enter judgment in favor of the defendant and close the file.

At Pensacola, Florida, this 5th day of July, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**